STATE of Missouri, Respondent,

v.

John ROGERS, Appellant.

No. WD 53079.

Missouri Court of Appeals,
Western District.

March 10, 1998.

James C. Cox, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

John Rogers was convicted of one count of sexual assault in the first degree, one count of deviate sexual assault in the second degree, and one count of sexual assault in the second degree. He appeals his sentence on the count of deviate sexual assault, claiming that the trial court erred in sentencing him to five years in prison on that count. He

argues that he was entitled to the benefit of statutory amendments reducing the sentence for his conduct from that of a class D felony to that of a class A misdemeanor. We agree, and reverse and remand for resentencing by the trial court within the range permitted for a class A misdemeanor. We affirm Mr. Rogers' other two convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 1984, John Rogers moved in with his girlfriend and three of her children. In 1990, the couple moved with the children to Liberty, Missouri. When one of the children was approximately six years old, Mr. Rogers began sexually abusing her. Mr. Rogers forced the victim to touch his penis with her hand, and he eventually forced her to have sexual intercourse with him. The victim was sixteen years old the last time Mr. Rogers forced her to commit these acts. On September 28, 1994, Mr. Rogers was indicted in Count I for sexual assault in the first degree in violation of Section 566.040, a class C felony; in Count III for sexual assault in the second degree in violation of Section 566.050, a class D felony; and in Count II for deviate sexual assault in the second degree in violation of Section 566.080, a class D felony.

It is the latter of these three counts that is at issue here. At the time Mr. Rogers was charged and convicted of deviate sexual assault, Section 566.080 provided:

A person commits the crime of deviate sexual assault in the second degree if, being seventeen years old or more, he has *deviate sexual intercourse* with another person to whom he is not married who is sixteen years old.

§ 566.080.1, RSMo 1986 (emphasis added). This constituted a class D felony, § 566.080.2, RSMo 1986,[1] punishable by a prison term not to exceed five years, § 558.011.1(4), RSMo 1994. "Deviate sexual intercourse" was de-

fined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010.1(2), RSMo 1986. The State alleged in support of Count II that Mr. Rogers had "deviate sexual intercourse" with the sixteen-year-old victim based on his acts of hand-to-genital contact.

Effective January 1, 1995, after Mr. Rogers was indicted but prior to the time he was sentenced, the legislature amended Chapter 566 governing sexual offenses. "Deviate sexual intercourse" was redefined as:

any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however, slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

§ 566.010(1), RSMo 1994.[2] Because of this new definition, hand-to-genital contact no longer constitutes "deviate sexual intercourse." Instead, hand-to-genital contact constitutes "sexual contact." § 566.010(3), RSMo 1994. Purposely subjecting another person to "sexual contact" constitutes the offense of sexual misconduct, § 566.090.1, RSMo 1994, a class A misdemeanor, unless the defendant has been previously convicted of a sexual offense, in which case the crime of "sexual misconduct" is a class D felony, § 566.090.2, RSMo 1994. Class A misdemeanors are punishable by imprisonment not to exceed one year. § 558.011.1(5), RSMo 1994.

On May 30, 1996, the jury found Mr. Rogers guilty on all three counts and assessed prison terms of seven years on Count I and five years each on Counts II and III, with fines to be imposed by the court. The judge sentenced Mr. Rogers in accordance with the jury's assessment, ordered the sentences to

---

1. In contrast, deviate sexual assault was a class C felony if the victim was fourteen or fifteen years old. § 566.070, RSMo 1986.

2. The crime of deviate sexual assault is no longer separated into first and second degrees based on the ages of the parties. All acts of deviate sexual assault are now class C felonies. Section 566.070 now provides:

A person commits the crime of deviate sexual assault if he has deviate sexual intercourse with another person knowing that he does so without that person's consent.

§ 566.070.1, RSMo 1994.

be served consecutively, and imposed a fine of $500 for each count. This appeal followed.

## II. CHANGE IN SENTENCING

As Mr. Rogers' sole point on appeal, he claims that the trial court erred in sentencing him to five years in prison on Count II for the class D felony of deviate sexual assault in violation of Section 566.080, RSMo 1986. Mr. Rogers acknowledges that he failed to raise this claim at sentencing, but requests that we review for plain error.

Rule 30.20 states that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that *manifest injustice or miscarriage of justice* has resulted therefrom." The plain language of the rule requires that, before this Court can exercise its discretion under Rule 30.20 to determine whether manifest injustice or miscarriage of justice has occurred in this case, the unpreserved issue must be plain error.

■ Plain error is error which, on its face, presents a substantial ground for belief that manifest injustice or miscarriage of justice has resulted. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). Whether manifest injustice occurred depends on the facts and circumstances of the particular case, and the defendant bears the burden of establishing manifest injustice amounting to plain error. *State v. Zindel,* 918 S.W.2d 239, 241 (Mo. banc 1996). As our Supreme Court has explained, "The 'plain error' rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Roberts,* 948 S.W.2d 577, 592 (Mo. banc 1997).

■ Prior cases have established that it is plain error for the trial court to misinstruct the jury as to the available range of sentences for the crime for which the defendant is found guilty, as the defendant alleges occurred here. *State v. Cline,* 808 S.W.2d 822 (Mo. banc 1991); *State v. Price,* 940 S.W.2d 534 (Mo.App.1997). More specifically, Mr. Rogers argues that plain error resulting in manifest injustice occurred here because un-der Section 1.160 RSMo 1994 he was entitled to the benefits of the 1995 amendments to the definitions of "deviate sexual intercourse" and "sexual contact" in chapter 566, but the jury was erroneously instructed based on the range of sentences in place prior to those amendments.

We agree. As Mr. Rogers notes, Section 1.160 states:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) *That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.*

§ 1.160, RSMo 1994 (emphasis added).

As we stated in interpreting this section in *State v. Helmig,* 924 S.W.2d 562 (Mo.App. 1996):

The exception within § 1.160 RSMo 1994 manifests the legislature's intent to give the defendant the benefit of any reduced sentence made while his case is pending, regardless of the offense's reclassification under the amendments. If the law creating the offense is changed, the result being a lessening in punishment, the law is clear that under § 1.160(2), RSMo 1994, the defendant should be sentenced in accordance with the law as modified.

*Id.* at 567. *See also State v. Pritchard,* No. 51262, slip op., —— S.W.2d —— (Mo.App. W.D. Mar.10, 1998); *State v. Edwards,* No. 51078, slip op., —— S.W.2d —— (Mo.App. W.D. Mar.3, 1998).

■ Of course, Section 1.160 affects only the punishment for an offense; it does not

affect the offense itself. *See State v. Sumlin,* 820 S.W.2d 487, 493 (Mo. banc 1991); *State v. Gillespie,* 944 S.W.2d 268, 271 (Mo.App.1997). Thus, even though Mr. Rogers was tried after the effective date of the amendments to Chapter 566, he was properly charged under the definition of deviate sexual assault in effect at the time he committed that crime. *State v. Pritchard,* No. 51262, slip op., —— S.W.2d —— (Mo.App. W.D. Mar.10, 1998). However, because the law creating the offense was changed to provide for a lessening of punishment for Mr. Rogers conduct, Mr. Rogers should have received the benefit of that change as to punishment.

■ This did not occur here. The jury was improperly instructed under the pre–1995 version of Chapter 566 that if the jury found Mr. Rogers guilty of deviate sexual assault in the second degree, it could assess a term of imprisonment from one to five years. This was error. Under the law as amended in 1995, the conduct with which Mr. Rogers was charged and convicted constitutes sexual contact, not deviate sexual intercourse. Therefore, Mr. Rogers was entitled to have the jury instructed on the range of punishment for the crime of sexual misconduct, a class A misdemeanor with a maximum sentence of one year. *State v. Cline,* 808 S.W.2d 822 (Mo. banc 1991); *State v. Price,* 940 S.W.2d 534 (Mo.App.1997); *State v. Helmig,* 924 S.W.2d 562 (Mo.App.1996).

Mr. Rogers requests that the trial court resentence him on Count II within the range permitted for a class A misdemeanor. Therefore, we reverse and remand for that purpose. Mr. Rogers alleges no error as to his other convictions, and those convictions are affirmed.

All concur.

