**STATE of Missouri, Respondent,**

v.

**Donald R. STEWART, Appellant.**

**No. ED 82048.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 19, 2003.

Albert C. Lowes, Cape Girardeau, MO, for appellant.

John Munson Morris III, Evan J. Buchheim, Jefferson City, MO, for respondent.

MARY R. RUSSELL, Judge.

Donald R. Stewart ("Defendant") was convicted of driving with a revoked license as a class D felony and was sentenced to three years in prison pursuant to section 302.321.2 RSMo 2000.[1] The execution of the sentence was suspended.

Defendant appeals his conviction and sentencing arguing that (1) he should not have been convicted and sentenced for a class D felony because the plain language of section 302.321.2 provides that driving with a revoked license is a class A misdemeanor, (2) section 302.321.2 is ambiguous in that it is unclear how many prior viola-

---

1. All further statutory references will be to RSMo 2000 unless otherwise indicated.

tions are needed to trigger the enhancement to a class D felony, and (3) it was plain error for the court to sentence him under the 2000 version of section 302.321.2 when the statute had been amended prior to his sentencing. *See* section 302.321.2 RSMo (Cum.Supp.2002). Defendant argues he is entitled to the benefit of statutory amendments reducing his sentence from a class D felony to a class A misdemeanor. We agree that Defendant is entitled to be sentenced under section 302.321.2 RSMo (Cum.Supp.2002) and remand to the trial court for resentencing.

In his points relied on, Defendant does not dispute the facts in this case and does not challenge the sufficiency of the evidence. One night, Corporal Direk Hunt ("Officer") of the Perryville Police Department, observed a car cross the centerline of the highway and fail to stop at a stop sign. Officer conducted a traffic stop and identified the driver as Defendant. When asked for his identification, Defendant offered an expired Tennessee driver's license. Officer learned from the dispatcher that Defendant's Missouri driver's license was revoked.

Officer noticed a strong odor of alcohol on Defendant's breath and that his speech was slurred. Officer asked that he perform a variety of field sobriety tests, many of which he was unable to perform. Defendant was arrested and charged with one felony count of driving while license revoked, one misdemeanor count of driving while intoxicated, one misdemeanor count of failing to stop at a stop sign, and one count of failing to drive on the right side of the highway.

At trial, the state offered exhibits including a certified copy of Defendant's June 2, 1998, conviction for driving while revoked, certified copies of Defendant's September 13, 1984, convictions for both driving while suspended and operating a motor vehicle with excessive blood alcohol content, and a certified copy of Defendant's driving record showing his current Missouri license status as revoked.

In the instant case, Defendant was sentenced on October 25, 2002, to three years in jail, suspended execution of sentence, for the felony count of driving while revoked pursuant to section 302.321.2. Defendant filed his notice of appeal challenging his conviction and sentencing for driving while revoked as a class D felony. Defendant does not appeal his conviction or sentencing on his other counts.

We have chosen to address Defendant's points on appeal out of order for ease of understanding. Defendant's third point on appeal alleges that the trial court erred by sentencing his driving while revoked conviction as a class D felony because section 302.321.2 had been amended prior to his sentencing. Defendant argues he is entitled to be sentenced under the amendatory law to receive the benefits of a reduction in penalty. The amended law requires that, in order to sentence someone convicted of driving while revoked as a class D felony, that person must have prior driving while revoked convictions within 10 years of the present charge and must have served a sentence of 10 days or more on the prior convictions. Section 302.321.2 RSMo (Cum.Supp.2002). Defendant argues that the evidence admitted regarding his prior offenses is inadequate under the amended law to support his class D felony sentence. Defendant served only four days on his June, 1998 conviction of driving while revoked and his 1984 convictions do not fall within 10 years of his present offense.

▆▆▆ Defendant concedes that this point was not raised at his sentencing and requests plain error review pursuant to Rule 30.20. Under plain error review, er-

rors that affect substantial rights may be considered in the discretion of the appellate court when the court finds that "manifest injustice or a miscarriage of justice" has resulted from the error. *State v. Thomas*, 75 S.W.3d 788, 791 (Mo.App. 2002). Reviewing a claim for plain error is a two-step process. *State v. Carr*, 50 S.W.3d 848, 853 (Mo.App.2001). First, it must be determined if the claim for review "facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice" has occurred. *Id.* If this step is satisfied, then it is necessary to determine whether the alleged error resulted in manifest injustice or a miscarriage of justice. *Id.* The defendant bears the burden of showing plain error. *State v. Cruz*, 71 S.W.3d 612, 616 (Mo.App.2001).

■ Defendants are to be tried for offenses as defined by the law existing at the time of the offense. *State v. Edwards*, 983 S.W.2d 520, 521 (Mo. banc 1999). But when the law creating the offense is amended prior to sentencing, resulting in a reduction or lessening of the penalty or punishment, the defendant is entitled to be sentenced under the amended law. *Id.* This rule is codified in section 1.160.2 and manifests a legislative intent to give defendants the benefit of any reduction in penalty enacted before sentencing. *State v. Helmig*, 924 S.W.2d 562, 567 (Mo.App. 1996).

■ Missouri courts have established that failing to sentence a defendant based on the law as amended is plain error resulting in manifest injustice. *State v. Rogers*, 964 S.W.2d 501, 503 (Mo.App.1998). In *Rogers*, the defendant was charged with deviate sexual assault, a class D felony, and was sentenced to five years in prison. 964 S.W.2d at 502. After the defendant was indicted, but before he was sentenced, the applicable statute was amended and the defendant's conduct was reclassified as

a class A misdemeanor. *Id.* The court of appeals instructed that it was plain error for the trial court to instruct the jury to sentence the defendant for a class D felony. *Id.* at 504. The court found that the defendant was entitled to be sentenced for a class A misdemeanor pursuant to the amended statute. *Id.*

In the present case, Defendant was charged and convicted of driving with a revoked license as a class D felony under section 302.321.2, which provides, in pertinent part:

> Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked is guilty of a class D felony.

In support of this conviction the state offered evidence of Defendant's June 1998 conviction of driving while revoked, and September 1984 convictions of driving while suspended and operating a motor vehicle with excessive blood alcohol content. Defendant was sentenced on October 25, 2002, under this version of section 302.231.2.

In March of 2002, the legislature amended section 302.321.2 and the amendments became effective on August 28, 2002. The amended statute provides, in pertinent part:

> Any person convicted of driving while revoked is guilty of a class A misdemeanor ... any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving

while revoked or a county or municipal ordinance of driving while suspended or revoked ... and where the prior two driving while revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses is guilty of a class D felony.

Section 302.321.2 RSMo (Cum.Supp.2002). Defendant argues on appeal that it was plain error for the trial court to sentence him under the old language of section 302.321.2. We agree and remand to the trial court for resentencing. Upon remand, the trial court should consider records already admitted into evidence including Defendant's entire driving record. The trial court may also consider any other records, not previously admitted, that either party may wish to offer. *See State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994).

Defendant's first point on appeal alleges that the trial court erred in classifying his driving while revoked charge as a class D felony because section 302.321.2 is ambiguous and therefore must be strictly construed against the state and in his favor. Defendant argues the statute is ambiguous because the plain language provides that any person convicted of driving with a revoked license is guilty of a class A misdemeanor. Defendant claims that the additional language enhancing the offense to a class D felony makes the statute ambiguous in that it does not clearly state an exception.

The first sentence of section 302.321.2 provides that "[a]ny person convicted of driving while revoked is guilty of a class A misdemeanor."[2] The statute then contains three additional sentences that en-

hance the punishment of driving while revoked to a class D felony based upon a defendant's prior convictions. Defendant argues that he falls into the category of "any person" in section 301.321.2 and that the sentences allowing for enhancement render the statute ambiguous.

When construing a criminal statute, an appellate court is to give effect to the legislature's intent by examining the plain language of the statute. *State v. Crews*, 968 S.W.2d 763, 765 (Mo.App.1998). If an ambiguity exists in a criminal statute it must be construed liberally in favor of the defendant. *State v. Condict*, 65 S.W.3d 6, 12 (Mo.App.2001). This rule, however, "does not require a reviewing court to dispense with common sense or to ignore an evident statutory purpose." *Id.* Courts should consider the words of the entire statute and not limit their review to one or two sentences. *State v. Wilson*, 55 S.W.3d 851, 856 (Mo.App.2001). Every word in a statute should be given effect and it should be presumed that the legislature did not enact meaningless provisions. *State v. Moore*, 952 S.W.2d 812, 813 (Mo.App.1997).

We hold that section 302.321.2 when read in its entirety, giving effect to all the language, is unambiguous. The statute clearly states that driving while revoked charges are misdemeanors, except when a defendant's prior convictions fall into one of the enhancement exceptions in the remainder of the statute. Defendant's first point on appeal is denied.

Defendant's second point on appeal argues that 302.321.2 is ambiguous because it is unclear whether two or three prior driving while revoked convictions are necessary in order for a defendant to be charged with a class D felony. It is unnec-

---

**2.** This sentence appears in both the 2000 and the 2002 versions of section 302.321.2.

essary to address this point because we hold that the amended version of 302.321.2 controls. Issues that are not essential to the disposition of a case need not be addressed on appeal. *State v. Kinkead*, 983 S.W.2d 518, 520 (Mo. banc 1998).

The judgment of the trial court in regards to Defendant's sentencing is reversed and we remand to the trial court for resentencing pursuant to section 302.321.2 RSMo (Cum.Supp.2002).

GARY M. GAERTNER, SR., P.J., ROBERT G. DOWD, JR., J., concur.