**Michael Wayne EMERICK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 26848.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 2005.

Motion for Rehearing or Transfer
Denied Sept. 15, 2005.

Application for Transfer Denied
Nov. 1, 2005.

Ellen H. Flottman, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. MacKelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant Michael W. Emerick ("Movant") appeals from the motion court's denial of his amended motion to vacate, set aside or correct judgment and sentence filed pursuant to Rule 24.035.[1] In his sole point on appeal, Movant maintains the motion court erred in denying his 24.035 motion because his five-year sentence for the Class D felony of endangering the welfare of a child was beyond the maximum prescribed by law and in violation of section 1.160 "in that the sentencing court failed to take into account the amendment of [section] 558.011, effective June 27, 2003, which reduced the maximum punishment for a class D felony from five years of imprisonment to four years of imprisonment." See § 558.011, RSMo Cum.Supp.

2003.[2] We affirm the judgment of the motion court.

On August 12, 2003, Movant was charged by Information with one count of the class C felony of statutory sodomy in the second degree, a violation of section 566.064; one count of the class C felony of statutory rape in the second degree, a violation of section 566.034; and, one count of the class D felony of endangering the welfare of a child in the first degree, a violation of section 568.045.[3]

Pursuant to a plea agreement, on November 20, 2003, Movant pled guilty to the statutory rape charge as well as the charge of endangering the welfare of a child in exchange for the State dropping the charge of statutory sodomy. Movant was then sentenced to five years in prison on both counts with the sentences to run consecutively.

Thereafter, on December 29, 2003, Movant filed a *pro se* Rule 24.035 motion requesting post-conviction relief and arguing he was entitled to a reduction in his sentence based on the amendment to section 558.011.1(4), the *general* sentencing statute.[4]

Movant waived his right to a hearing on his motion and the motion court entered an order on January 28, 2005, denying his request for relief. In its order, the motion court stated: "[i]t is the general rule in Missouri that a defendant must be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law creating the offense itself."[5]

---

1. Unless otherwise stated, all rule references are to Missouri Court Rules (2004).

2. All statutory references are to RSMo 2000, unless otherwise stated.

3. The facts related to Movant's underlying charges are not pertinent to this matter and will not be recited in this opinion, except we note that the offenses at issue were committed "on or about the 19th day of January, 2003."

4. The motion court appointed counsel to represent Movant and an amended Rule 24.035 motion was filed on June 18, 2004.

5. *See State v. Stewart*, 113 S.W.3d 245, 248 (Mo.App.2003).

Noting that "Movant was sentenced on November 20, 2003[,] for crimes which he committed on January 19, 2003," the motion court found that under the sentencing statute applicable at the time of the *commission* of the crime, section 558.011.1(4) Movant was properly sentenced to "a maximum of five years in the Department of Corrections" as opposed to "a maximum of four years" as set out in the amendment to that section which went into effect on June 27, 2003.

The motion court went on to find that section 1.160 did not aid Movant because section 1.160 "only applies when the statute creating the offense is amended, not the general sentencing statute." Accordingly, the motion court denied Movant's request for relief. This appeal followed.

■■■ Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). " 'The findings and conclusions are deemed erroneous if after reviewing the record, this [C]ourt is left with the definite and firm belief that a mistake has been made.' " *Goings v. State,* 1 S.W.3d 600, 601 (Mo. App.1999) (quoting *Saffold v. State,* 982 S.W.2d 749, 752 (Mo.App.1998)). We presume that the motion court's findings and conclusions are correct. *Butts v. State,* 85 S.W.3d 132, 134 (Mo.App.2002).

■■■ Section 1.160 sets out, in pertinent part, that:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provi-

sion is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

\* \* \*

(2) That *if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.*

(Emphasis added). Accordingly, viewing the foregoing statutory provision from the standpoint of its plain and ordinary meaning, as we are required to do, *State v. Laplante,* 148 S.W.3d 347, 349 (Mo.App. 2004), "a defendant will be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law *creating* the offense itself." *State v. Johnson,* 150 S.W.3d 132, 138 (Mo.App.2004) (emphasis added).[6] "This rule is codified in section 1.160.2 and manifests a legislative intent to give defendants the benefit of any reduction in penalty enacted before sentencing." *Stewart,* 113 S.W.3d at 248.

■■■ Section 568.045 creates the offense of endangering the welfare of a child in the first degree and, at the time Movant committed the crime, on or about January 19, 2003, the statute specifically denominated the offense as a Class D felony. § 568.045. Under section 558.011.1(4), which was also in effect at the time Movant committed the crime, Class D felonies were punishable by "a term of years not to exceed five years." However, section 558.011.1(4) was thereafter amended to set out that Class D felo-

**6.** *See also Irvin v. Kempker,* 152 S.W.3d 358, 362 (Mo.App.2004); *Stewart,* 113 S.W.3d at 248.

nies are punishable by "a term of years not to exceed four years." § 558.011.1(4), RSMo Cum.Supp.2003.

In the instant matter, it was the general sentencing statute, section 558.011, which was amended to provide for a lesser range of punishment. Indeed, while section 568.045 was also amended, the amendment was of no benefit to Movant, because the amendment re-classified the crime of endangering the welfare of a child in the first degree from a Class D felony to a Class C felony, thereby permitting the imposition of imprisonment for a greater length of time. *See* § 568.045.2, RSMo Cum.Supp. 2003. Movant's point is denied.

The judgment of the motion court is affirmed.

SHRUM, P.J., and BATES, C.J., concur.