STATE of Missouri, Respondent,

v.

DeMarco D. McCRADY, Appellant.

No. ED 97052.

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 2012.

Application for Transfer
Denied May 29, 2012.

Roxanna A. Mason, St. Louis, MO, for appellant.

Chris Koster, Jennifer A. Wideman, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

DeMarco McCrady (Defendant) appeals from the judgment of the trial court entered after a jury convicted him of one

count of unlawful use of a weapon, four counts of first-degree assault, five counts of armed criminal action, and one count of resisting arrest. We affirm.

## Facts and Procedural History

Viewed in the light most favorable to the verdict, *State v. Strong*, 142 S.W.3d 702, 710 (Mo. banc 2004), the pertinent facts are as follows. On the night of August 6, 2008, around 9 or 10 p.m., Andrew Bowden, Tyonna Bond, Maxine Wheeler, and a few other children were walking on a sidewalk in their neighborhood. Darion Clark joined the group and borrowed one of their bicycles. Clark rode slowly in circles around the group to stay with them at walking pace. A car occupied by Defendant, wearing a red baseball cap and sitting on the passenger side, and three others drove past the group on the driver's side of the car. Defendant leaned out of the passenger side window and over the roof of the car and fired a gun at least four times in the direction of the group. Darion recognized Defendant as the shooter and would later testify that Defendant was aiming at him, as the two were members of "warring" gangs. One of the shots struck Tyonna in the right thigh. The group carried Tyonna to a friend's house, and Andrew called the police. Police offers patrolling the area located the car Defendant was riding in and attempted to stop it. The car sped away and stopped in an alley. Defendant exited the car, fled on foot, and was later apprehended under a porch.

The State charged Defendant with unlawful use of a weapon (count I), first-degree assault of Darion Clark (count III), first-degree assault of Maxine Wheeler (count V), first-degree assault of Andrew Bowden (count VII), first-degree assault of Tyonna Boyd (count IX), armed criminal action (ACA) corresponding to each of the foregoing charges (counts II, IV, VI, XIII, and X), and, finally, resisting arrest by fleeing (count XI). The jury found Defendant guilty on all counts. The court sentenced Defendant to twenty years in prison on counts I, II, IV, VI, VIII, IX, and X, fifteen years on counts III, V, and VII, and four years on count XI, all to run concurrently.

Defendant appeals, asserting that the trial court erred when it sentenced him to 20 years on count I, because the maximum sentence for a class B felony is 15 years. Defendant further contends that the court erred in denying his motion for judgment of acquittal as to counts V through X because the State failed to present sufficient evidence for a reasonable jury to find him guilty of those charges.

## Discussion

### I. Sentencing on Count I

In his first point, Defendant argues that the trial court erred in sentencing him to 20 years on count I because the maximum sentence for a class B felony is 15 years. Defendant concedes that this issue was not properly preserved and requests plain error review under Rule 30.20. Plain error review requires a two-step analysis: (1) first we determine whether the claimed error facially establishes error that is evident, obvious, and clear, and that affected substantial rights; (2) if we find plain error on the face of the claim, then we determine whether the error actually resulted in manifest injustice or a miscarriage of justice. *State v. Baumruk*, 280 S.W.3d 600, 607–08 (Mo. banc 2009).

On count I, Defendant was convicted of unlawful use of a weapon by discharging a firearm from a motor vehicle in violation of section 571.030.1(9) RSMo 2000. Subsection 8 of that statute provides for sentencing as follows:

(1) For the first violation a person shall be sentenced to the maximum author-

ized term of imprisonment for a class B felony;

(2) For any violation by a prior offender as defined in section 558.016, a person shall be sentenced to the maximum authorized term of imprisonment for a class B felony without the possibility of parole, probation or conditional release for a term of ten years;

(3) For any violation by a persistent offender as defined in section 558.016, a person shall be sentenced to the maximum authorized term of imprisonment for a class B felony without the possibility of parole, probation, or conditional release;

(4) For any violation which results in injury or death to another person, a person shall be sentenced to an authorized disposition for a class A felony.

§ 571.030.8. The maximum punishment for a class B felony is 15 years. § 558.011.1(2). The range of punishment for a class A felony is 10 to 30 years or life. § 558.011.1(1).

■ Defendant insists that, because this was Defendant's first violation, sub-division (1) prescribes classification as a B felony. The State responds that, because the offense resulted in injury to Tyonna, sub-division (4) controls notwithstanding Defendant's first-time status. We agree. According to the plain language of the statute—and, we believe, consistent with the obvious intent of the General Assembly—*any* violation resulting in injury or death is elevated to a class A felony. Defendant's contrary interpretation, taken to its logical end, would accord not only first-time offenders but also prior and persistent offenders more lenient sentences simply by virtue of their offense history, even in the event of their victims' death. We are quite certain that our lawmakers did not intend such an absurd result. Sub-division (4) supersedes its counterparts whenever an offense causes injury or death. Tyonna's injury elevated Defendant's offense to a class A felony. The trial court did not err, plainly or otherwise, in imposing a 20–year sentence. Point denied.

## II. Sufficiency of the Evidence

In his second point, Defendant contends that the trial court erred in denying his motion for acquittal on counts V through X, alleging first-degree assault and related ACA involving Andrew, Maxine, and Tyonna, because the State failed to adduce sufficient evidence to make a submissible case. When reviewing this challenge to the sufficiency of the evidence, the Court views the evidence in a light most favorable to the State. *State v. Page.* 309 S.W.3d 368, 375 (Mo.App.2010). The Court must determine "whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt." *Id.* at 374–75.

"A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." § 565.050. Defendant asserts that the State failed to prove knowledge as to Andrew, Maxine, and Tyonna. Defendant primarily relies on *State v. Whalen,* 49 S.W.3d 181, 186 (Mo. banc 2001), which holds that one must "act purposefully as to the person defendant is charged with assaulting." A person will not be guilty of first-degree assault "if the person is *unaware of the likely presence* of the injured person at the time the person acts." *Id.* at 187. (emphasis added) Defendant also cites *State v. Martin,* 342 Mo. 1089, 119 S.W.2d 298, 301 (1938), where the defendant threw a bomb into a taxi occupied by three people. The court reversed Martin's assault conviction as to the third person, because

the State only proved that he could see two of the occupants. *Id.* at 302.

In attacking the State's case as to his "awareness of the presence" of Andrew, Maxine, and Tyonna when he shot at Darion, Defendant emphasizes the victims' respective testimony that visibility was low, as the shooting occurred at night, and they couldn't clearly see the shooter, the gun, the driver, or how many people were in the vehicle. While in *Martin* there was *no* evidence that Martin knew the victim was in the car, here, despite the testimony emphasized by Defendant, when properly viewing the record in the light most favorable to the verdict, there is still sufficient evidence on the record for a jury to reasonably infer that Defendant was aware of the group's presence in his line of fire. The group was in plain sight on the sidewalk as Darion rode in the street along with and slightly behind them. Despite low visibility, all were able to see Defendant's red baseball cap; nothing obstructed their view—or his. Importantly, the *car rolled past the group* and was just eight yards from Darion when Defendant began shooting. Simply put, in such close proximity, it is reasonable to infer that they couldn't be missed.

The trial court did not err in denying Defendant's motion for acquittal on counts V through X. Point denied.

### Conclusion

The trial court's judgment is affirmed.

ROY L. RICHTER, and GARY M. GAERTNER, JR., JJ., concurs.