ROBERT G. DOWD, JR., JUDGE
Darek Philyow ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief following a hearing. We affirm.
In addition to other charges that were eventually dismissed by the State, Movant was charged with the class D felony of driving while revoked for operating a motor vehicle on a highway knowing his driver's license was revoked and while having four prior convictions: two for tampering, one for second-degree burglary and one for resisting arrest. At the plea hearing, Movant admitted both to operating a motor vehicle while knowing that his driver's license was revoked and to having the four prior convictions, Prior to the sentencing, Movant's plea counsel requested the court sentence Movant to a fine of $300, claiming it was the maximum sentence allowed for the first violation of Section 302.321, the driving while revoked statute. The court stated that the offense was charged as a class D felony, and based upon the court's interpretation of the applicable statute, it *569 would not restrict the sentence to a $300 fine. At the sentencing hearing, the court sentenced Movant to four years imprisonment.
Movant timely filed his Rule 24.035 motion for post-conviction relief claiming his four-year prison sentence exceeded the sentence allowed by law because the applicable statute provides that a first violation of the section "shall be punishable by a fine not to exceed three hundred dollars." Following a hearing, the motion court denied the motion. This appeal follows.
Our review of a denial of post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.03 5(k); Woods v. State , 176 S.W.3d 711, 712 (Mo. banc 2005). "The trial court's findings and conclusions are clearly erroneous only if, after a review of the record, the appellate court is left with the definite and firm impression that a mistake has been made," Woods , 176 S.W.3d at 712.
Movant claims that the motion court erred in denying his motion for post-conviction relief because the sentencing court exceeded its authority in sentencing him to four years imprisonment in that Section 302.321 limits the maximum punishment for a first-time violation to a fine not to exceed $300. The version of Section 302.321.2 in effect at the time provided:
Any person convicted of driving while revoked is guilty of a misdemeanor. A first violation of this section shall be punishable by a fine not to exceed three hundred dollars. A second or third violation of this section shall be punishable by imprisonment in the county jail for a term not to exceed one year and/or a fine not to exceed one thousand dollars. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked ... where the defendant was represented by or waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense; and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked ... where the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses is guilty of a class D felony.... Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010 or a fourth or subsequent conviction for any other offense. Prior pleas of guilty and prior findings of guilty shall be pleaded and proven in the same manner as required by section 558.021.
Section 302.321.2, RSMo. Cum, Supp. 2011 (emphasis added). Arguing that this is his first violation of this section, Movant claims the maximum sentence should have been "a fine not to exceed three hundred dollars" despite the class D felony designation based upon Movant's four prior convictions. Movant further claims that the rule of lenity requires a criminal statute like this to be strictly construed against the State and that any ambiguity should be resolved in favor of lenity.[1]
*570 When construing a criminal statute, we "give effect to the legislature's intent by examining the plain language of the statute." State v. Stewart, 113 S.W.3d 245, 249 (Mo. App. E.D. 2003). We construe a criminal statute liberally in favor of a defendant if an ambiguity in the statute exists. Id. "This rule, however, does not require a reviewing court to dispense with common sense or to ignore an evident statutory purpose." Id. (internal quotation marks omitted). We consider the words of the entire statute and do not limit our review to one or two sentences. Id. "A statute's provisions must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." State v. Gilmore , 508 S.W.3d 132, 135 (Mo. App. S.D. 2016) (internal quotation marks omitted). "Every word in a statute should be given effect and it should be presumed that the legislature did not enact meaningless provisions." Stewart, 113 S.W.3d at 249.
Here, when we consider the provisions of Section 302.321.2 together, harmonize them and give every clause meaning, we find the language in the statute first establishes a baseline misdemeanor charge for driving while revoked before then detailing several situations in which that charge can be enhanced to a class D felony. See Stewart , 113 S.W.3d at 249 (finding earlier version of this statute unambiguous and noting it "clearly states that driving while revoked charges are misdemeanors, except when a defendant's prior convictions fall into one of the enhancement exceptions in the remainder of the statute"). The language limiting the penalty for a first-time offense to $300 appears immediately following the language establishing the misdemeanor charge and before the language detailing the various ways that charge can be enhanced to a class D felony. Accordingly, we find this language limiting the penalty for a first-time violation applies in cases where the violation is not otherwise enhanced as provided in the subsequent provisions of the statute.
Reading the language in isolation and limiting the penalty for any first-time violation of the statute to a $300 fine, as Movant advocates, would require us to dispense with common sense and ignore the presumed statutory purpose and consequences of designating particular violations of this statute as felonies. To assign Movant's offense class D felony status based upon his four prior convictions but then limit the punishment to only a $300 fine-despite the range of punishment otherwise available for class D felonies-would render the classification meaningless. We assume the legislature knew the consequences of classifying certain driving while revoked charges as class D felonies, including the range of punishment attendant to such classifications.
*571 Our holding here is analogous to our previous holding in State v. McCrady, where we analyzed the provisions of the criminal statute providing for the unlawful use of a weapon. 364 S.W.3d 709 (Mo. App. E.D. 2012). One provision of that statute provided for the maximum authorized term of imprisonment for a class B felony for the first violation of the statute while another provided for sentencing to an authorized disposition for a class A felony for any violation which resulted in injury or death to another person. Id. at 710-11. The defendant insisted that because it was his first violation of the statute, the prescribed classification should be a class B felony. Id. at 711. The State argued that because the offense resulted in injury to a witness, the prescribed classification was class A notwithstanding the defendant's first-time status. Id. We agreed and noted that taking the defendant's interpretation to its logical end would accord first time offenders "more lenient sentences simply by virtue of their offense history, even in the event of their victims' death." Id. We further noted our certainty that the lawmakers did not intend such an absurd result. Id. The same logic applies here. If we accept Movant's interpretation, any first-time offense would be limited to a sentence of a $300 fine regardless of the nature and extent of the offender's criminal history. Such an interpretation would severely curtail the effect of the enhancement language of the statute detailing the various ways charges can be enhanced to felony status. Finding no clear error, we affirm.[2]
Point denied.
The judgment is affirmed.
Philip M. Hess, Presiding Judge and Mary K. Hoff, Judge: concur.

Movant faced two additional class D felony charges of driving while revoked for acts occurring on May 12, 2015, and June 13, 2015. He pled guilty at the same plea hearing to those two offenses in addition the April 5, 2016 offense at issue here. Prior to being sentenced for the offense at issue here, Movant was sentenced to a $300 fine for the May 12, 2015 offense and a $300 fine for the June 13, 2015 offense.
There is some question in the record as to whether this was Movant's first violation or third violation of this statute given these two earlier offenses. Movant argued before the motion court that the offense at issue here was the first violation for purposes of the statute because the two earlier violations were neither alleged nor proven up during the plea hearing. In either situation, if this was Movant's first or third violation, his four-year sentence exceeded both the $300 fine for a first-time violation of the statute and also the one-year term of imprisonment in county jail and/or a $1,000 fine for a second or third violation. Nevertheless, as indicated in this Opinion, because Movant's offense is considered a class D felony based upon his prior convictions, the limitations for first, second or third violations of the statute do not apply, and therefore, we need not address whether the offense at issue was properly considered a first or third violation of the statute.

The rule of lenity, which Movant claims should be applied here, is invoked "only after employing other measures to determine legislative intent, which, of course, is the ultimate objective of statutory interpretation." Turner v. State, 245 S.W.3d 826, 828 (Mo. banc 2008). Given our interpretation of the statute as noted above, we do not reach the rule of lenity here.