**STATE of Missouri, Respondent,**

v.

**Dallas Leroy KINKEAD, Appellant.**

No. 81138.

Supreme Court of Missouri,
En Banc.

Dec. 22, 1998.

Terry J. Flanagan, John W. Peel, Benicia Baker-Livorsi, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.[1]

Appellant Dallas Kinkead (Kinkead) was convicted of possession of a controlled substance in violation of section 195.202, RSMo

---

1. With the exception of the disposition of the case on pages 3 and 4 and other editorial changes, this opinion is the work of the Honorable James A. Pudlowski of the Missouri Court of Appeals, Eastern District.

1994. He was tried, found guilty, and sentenced to three years in the custody of the Missouri Department of Corrections. Kinkead appeals, alleging the trial court erred in denying his motion to suppress methamphetamine discovered during the police officer's search incident to arrest. Kinkead alleges the evidence must be excluded because the officer did not have probable cause to arrest him. The state concedes error in its motion to reverse and requests a remand for a new trial. Following opinion by the court of appeals, that court granted transfer. Rule 83.02; Mo. Const. art. V, sec. 10. The judgment is reversed, and the cause is remanded.

■■■ In reviewing the trial court's ruling on a motion to suppress, the facts and any reasonable inferences arising from the facts are to be stated most favorably to the order challenged on appeal. *State v. Williams*, 937 S.W.2d 330, 332 (Mo.App. E.D.1996). We will disregard any evidence that contradicts the order. *Id.*

Two police officers detained Kinkead in a parking lot on August 16, 1996, because the car Kinkead was driving had a defective bumper. Kinkead told the officer his name, and the officer checked Kinkead's name with the police database. The database erroneously indicated that Kinkead's driving privileges were suspended. Based upon this information, the officer arrested Kinkead. During the search incident to arrest, the officer discovered a golf-ball-sized object inside a sock, which had been stuffed near Kinkead's groin. The object in the sock was methamphetamine. At trial, Kinkead filed a motion to suppress the methamphetamine seized during the search incident to arrest contending the search violated his constitutional rights. Kinkead argued the trial court should grant his motion to suppress because the state did not present evidence that the police dispatch was based on probable cause. The trial court denied Kinkead's motion to suppress.

■■■ An officer must have probable cause to make an arrest. *Williams*, 937 S.W.2d at 332. While an officer may rely on information from another officer in developing probable cause, the state must show that the officer who disseminated the information had probable cause or reasonable suspicion which would allow that officer to have made the arrest. *See State v. Franklin*, 841 S.W.2d 639, 641 (Mo. banc 1992); *State v. Norfolk*, 966 S.W.2d 364, 366 (Mo.App.1998).

■■■ We hold that Kinkead's conviction must be reversed because the state did not show that the dispatch was based on probable cause. The state has the burden to produce evidence on the basis of the original officer's probable cause for arrest. However, the state made no attempt to show that the dispatcher had probable cause to make an arrest. The dispatcher did not testify. The state did not present any evidence showing how or why a person's name comes to be entered into the database for drivers with suspended licenses. Without this information, the trial court could not determine whether the officer at the scene arrested Kinkead based on probable cause. Further, the officer at the scene did not witness any independent fact giving rise to probable cause. Therefore, the trial court erred because it improperly admitted evidence of the search.

■■■ However this error does not mandate discharge of Kinkead. The State is entitled to rely on the trial court's erroneous ruling in determining what evidence to produce. *State v. Wood*, 596 S.W.2d 394, 399 (Mo. banc 1980). On this record, it is impossible to say that the prosecution would be unable to make a submissible case had the trial court ruled correctly. Erroneous admission of evidence does not preclude retrial "even though when such evidence is discounted there may be evidentiary insufficiency." *Id.* at 398.

■■■ Kinkead also asserts that the trial court erred in admitting the testimony of his probation officer in violation of section 559.125.2, RSMo Supp.1997. The statute, relating to "Record of applications for probation or parole", includes a provision that information "obtained by a probation or parole officer shall be privileged information and shall not be receivable in any court." This statute was not argued as the basis of an objection at trial or referred to in the motion for new trial. We need not address the issue

here since the state may dismiss the case on remand or the question may not arise on retrial. Issues that are not essential to a disposition of the case should not be addressed.

Reversed and remanded.

All concur.