# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3551

_____

United States of America,          *
                                    *

      Appellee,              *
                                    *

    v.                       *   Appeal from the United States
                                 *   District Court for the

Jeffrey H. Stephens,        *   Western District of Missouri.
                                 *

      Appellant.         *

_____

Submitted: November 18, 2003

Filed: November 24, 2003

_____

Before RILEY, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

      Jeffrey H. Stephens (Stephens) entered a conditional plea of guilty to conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and 846, and knowingly and willingly possessing a firearm in relation to a drug offense in violation of 18 U.S.C. §§ 922(g)(1) and (3) and 924(c). The district court[1] sentenced Stephens to 120 months incarceration on the conspiracy count, and 60 months on the firearms count, with the sentences to be

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

served concurrently. Stephens appeals the denial of his motion to suppress,[2] contending his vehicle was illegally searched. We affirm.

On January 12, 2001, a confidential informant told a Jasper County Drug Task Force Officer that Stephens had checked into room 220 at the Solar Inn and that Stephens possessed two-to-three ounces of methamphetamine and a firearm. Law enforcement officers knew Stephens had a prior felony conviction and could not legally possess a firearm. The officers began a surveillance of the Solar Inn. The police observed Stephens exit room 220, enter a white Ford Crown Victoria, and drive away. Police followed the vehicle and, via a dispatch computer check, discovered the vehicle's license plate tags were "not on file." The officers also learned Stephens's Missouri driver's license expired in 1998.

The police then conducted a traffic stop. The officers directed Stephens to step outside the vehicle, where the officers handcuffed Stephens. With the driver's door open, the police could see a firearm under the armrest in the front seat. Police seized the firearm and searched the vehicle, discovering a black eyeglass case containing two bags of methamphetamine, a small bag of marijuana, some glass pipes, prescription drugs, and a boot knife.

Stephens argues the vehicle search was unlawful because police initiated the traffic stop without probable cause. We review the factual findings of the district court for clear error, but review de novo the district court's finding that the Fourth Amendment has not been violated. United States v. Bloomfield, 40 F.3d 910, 918 (8th Cir. 1994) (en banc). A law enforcement officer is permitted to make a limited

_____

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

seizure of an individual suspected of criminal activity if the officer has "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." United States v. Lebrun, 261 F.3d 731, 733 (8th Cir. 2001) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)). Whether facts known to an officer permit the requisite degree of suspicion to justify an investigative (so-called Terry) stop is determined by the totality of the circumstances. Id. (citing United States v. Sokolow, 490 U.S. 1, 8 (1989); United States v. Hawthorne, 982 F.2d 1186, 1189 (8th Cir. 1992)).

Under Missouri precedent, police do not violate the Fourth Amendment in stopping a motor vehicle when the police have reasonable suspicion, based on specific and articulable facts, that a driver or passenger is involved in criminal activity. State v. Duncan, 879 S.W.2d 749, 751 (Mo. Ct. App. 1994). In this case, the information obtained from a computer check, performed immediately before the officers stopped Stephens, provided the police with reasonable suspicion to stop the vehicle and investigate whether the vehicle was properly registered and whether Stephens was operating the vehicle with a valid license. See State v. Spurgeon, 907 S.W.2d 798, 800 (Mo. Ct. App. 1995). Information obtained by police from a confidential informant had also given police reasonable suspicion to believe Stephens might possess a firearm, thereby justifying the police request for Stephens to exit the vehicle. Once the officers discovered Stephens did not have a valid driver's license, probable cause existed for his arrest. See Mo. Ann. Stat. § 302.020 (West 2003); see also State v. Kelley, 678 S.W.2d 852, 854 (Mo. Ct. App. 1984).

Absent a valid driver's license, Stephens could not legally operate the vehicle, thus making it appropriate for police to take immediate possession and secure the vehicle. Furthermore, the firearm, although not visible when police first approached Stephens, became plainly visible once Stephens exited the vehicle, prompting police to search for additional contraband. The vehicle search was properly conducted, both as an inventory search and a search incident to arrest.

We agree with the district court's conclusions that the vehicular stop and the search were constitutional. Thus, we affirm the district court's denial of Stephens's motion to suppress.

_____