# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2886

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Charles A. Woods, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2004

Filed: May 5, 2004

_____

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Kansas City, Missouri, police officers arrested Charles Woods after discovering ammunition on Woods' person and a loaded firearm between the seats of the truck he was driving. Following a bench trial, the district court[1] found Woods guilty of being a felon in possession of a firearm and ammunition and also convicted him of possessing a firearm with an obliterated serial number. Woods appeals his conviction, arguing that the district court erred in denying his motion to suppress

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

evidence[2] on the ground that the traffic stop and ensuing vehicle search were illegal. We review the district court's findings of fact for clear error and consider its legal determinations de novo. See United States v. Stephens, 350 F.3d 778, 779 (8th Cir. 2003). Having reviewed the record, including Woods' supplemental pro se filings, we affirm.

The district court was entitled to believe the officers' account of the events leading to Woods' arrest over the account proffered by Woods, see United States v. Syslo, 303 F.3d 860, 866 (8th Cir. 2002) (deference to credibility determinations), and the court's factual findings are a permissible view of the hearing testimony. The missing front license plate on Woods' vehicle constituted a traffic violation that provided probable cause to stop Woods, see United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994) (en banc), and Woods subsequently consented to a search. Even if, as Woods contends, he neither mentioned that he had a firearm nor consented to a search, the search was still permissible. Woods fit the description of a suspect in a series of burglaries in the area, and his suspicious behavior upon exiting the truck – initially failing to comply with the officer's requests, pacing around, placing his hands in and out of his pockets – coupled with the bullets that one of the officers felt in his pocket, provided sufficient justification to search the truck's passenger compartment for weapons. See Michigan v. Long, 463 U.S. 1032, 1049 (1983); United States v. Patterson, 140 F.3d 767, 771, 773 (8th Cir. 1998); United States v. Cummins, 920 F.2d 498, 502 (8th Cir. 1990).

The judgment is affirmed.

_____

---

[2]Adopting the Report and Recommendation of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.