**STATE of Missouri, Plaintiff–Respondent,**

**v.**

**Gary W. McINTOSH, Defendant–Appellant.**

No. 26175.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 2005.

Irene Karns, Columbia, for defendant–appellant.

Jeremiah W. Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., for plaintiff–respondent.

JAMES K. PREWITT, Judge.

Gary W. McIntosh ("Appellant") was initially charged with driving while license is revoked (in violation of § 302.321, RSMo 2000), in addition to driving while intoxicated (in violation of § 577.010, RSMo 2000). The charge of driving while license is revoked was later dismissed by the State. Because Appellant had two prior convictions for driving while intoxicated, he was charged under § 577.023, RSMo 2000, with a class D felony, as a prior and persistent offender. Upon the jury's finding of guilt, Appellant was sentenced to three years' imprisonment. He now appeals.

In his sole point on appeal, Appellant asserts that the trial court erred in overruling Appellant's motion to suppress his statements and other evidence obtained because his being stopped was "unlawful."

Appellant further assigns error to the admission of evidence over his objections at trial. Appellant maintains that such evidence should have been excluded "as fruit of the poisonous tree as the result of an unlawful seizure."

Appellant filed a motion to suppress evidence on October 9, 2003. He contended that the traffic stop and subsequent investigation by the arresting officer "violated [his] rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 10, 15 and 18(a) of the Missouri Constitution and Section 542.261 et seq. RSMo. (1994)[.]" Appellant further contended that "[t]he search was unlawful in that it was conducted without a warrant, without probable cause and was not within the scope of any exception to the warrant requirement." [1]

On October 16, 2003, a hearing was held on Appellant's motion to suppress. The State called the arresting officer to testify. Appellant offered no evidence. Corporal Robert Green, an officer with the Greene County Sheriff's Department, testified that at approximately 2:30 a.m. on May 24, 2003, he observed a vehicle driven by Appellant as it turned off of Sunshine onto Farm Road 129. At the time the right-turn signal was activated, the vehicle's headlights went out. Corporal Greene activated his lights and siren and followed Appellant about a block until Appellant pulled over into a private driveway.

Green testified that he detected an odor of intoxicants and noted "the appearance of his eyes" after Appellant exited the vehicle. The officer then instructed Appellant on the performance of three field sobriety tests: horizontal gaze nystagmus,

---

**1.** "The burden of going forward with the evidence and the risk of nonpersuasion shall be upon the state to show by a preponderance of the evidence that the motion to suppress should be overruled." § 542.296.6, RSMo.

walk-and-turn, and "one-leg" stand. Subsequent to administering these tests, Green determined that Appellant failed all three, and he arrested Appellant for driving while intoxicated. Green also testified that Appellant told him he had been drinking beer and that the result obtained from a portable breathalyzer at the scene indicated a blood-alcohol content above the legal limit.

Corporal Green transported Appellant to the Greene County jail. There, Green requested that Appellant submit to a breathalyzer test and informed Appellant of the consequences should Appellant refuse to submit. The officer testified that Appellant refused and "requested an attorney[.]" When Appellant failed in his effort to contact an attorney, Green stated that he again asked Appellant to submit to a breathalyzer test, but Appellant declined.

No other evidence was taken. The trial court heard closing arguments and subsequently denied Appellant's motion to suppress. In denying Appellant's motion, the trial court found Officer Green's testimony credible and stated: "There is no improper reason for the stop, driving without headlights in the dark and in the middle of the night is a reason to stop an automobile. Nothing wrong with the initial investigation and nothing wrong with the arrest, so the motion to suppress will be denied."

■ On appeal, Appellant contends that the incident of the headlights turning off when the right-turn signal was activated "did not 'reasonably warrant the intrusion' of stopping [Appellant] without [the officer] first determining if the lights were still off." Appellant maintains that the stop was unlawful and that evidence obtained from the stop should be suppressed. In support, Appellant relies mainly on *State v. Manley*, 115 S.W.3d 398 (Mo.App. 2003). There, this district found that certain observations cited by a trooper as

justification for stopping a vehicle did not rise to the level of "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Id.* at 403.

*Manley* briefly discusses the tenuous nature of the trooper's observation that a violation of traffic laws occurred when the driver's "wheel just touched the yellow line[,]" thus justifying the trooper's initial contact with defendant. *Id.* at 401 n. 5. However, on appeal, the State apparently "abandoned … any argument that 'touching' a yellow line on the highway constitutes a violation of state law." *Id.* The issue became whether the officer's beliefs that (1) defendant was trying to avoid him, (2) defendant was driving a rental car with Texas plates, and (3) defendant stayed in Arizona for only a short time constituted sufficiently "specific and articulable facts" to warrant an intrusion. This district found that such beliefs were not sufficient, thus the trooper had no reasonable suspicion to seize the defendant. *Id.* at 403. *Manley* does not control, as the stop was justified under the facts present here.

■ Upon review of a trial court's ruling on a motion to suppress, this court will reverse only upon a finding that the trial court's ruling is clearly erroneous. *State v. Watkins*, 73 S.W.3d 881, 883 (Mo. App.2002). We are limited to a determination of whether there was substantial evidence to support the trial court's decision, and we consider the facts and reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Id.* Although this court defers to the trial court's findings and determinations of credibility, matters of law, including allegations of Fourth Amendment violations, are reviewed *de novo*. *State v. Whitaker*, 101 S.W.3d 332, 333 (Mo.App.2003).

■ The Fourth Amendment "preserves the right of citizens to be free from unreasonable searches and seizures[ ]" and

generally provides that a warrant is required to justify a search and seizure. *State v. Schmutz*, 100 S.W.3d 876, 879 (Mo.App.2003). However, there are "[s]pecific and well-delineated exceptions" to the warrant requirement; one of which is the *Terry* stop. *Id.*[2]

Appellant appears to contend that the only way the stop here might have been justified was as a *Terry* stop and argues that such a stop was not lawful. That we need not decide, as there was probable cause to believe that a violation of traffic laws occurred.

■ In Missouri, law enforcement officers are authorized to stop a vehicle when they observe violations of this state's traffic laws. *State v. Mendoza*, 75 S.W.3d 842, 845 (Mo.App.2002). Here, Officer Green observed Appellant operating his vehicle without headlights at 2:30 in the morning. Sections 307.040 and 307.020(9), RSMo 2000 provide that vehicles must display "lighted lamps" "at any time from a half-hour after sunset to a half-hour before sunrise[.]" Appellant's operation of his vehicle, however brief, without headlights at 2:30 a.m. justified the stop. Appellant's point is denied.

The trial court's denial of Appellant's motion to suppress and subsequent objections to such evidence was not erroneous.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.

---

2. *"Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] stands for the proposition that an investigative detention, while a seizure, is authorized where specific and articulable facts and rational inferences from those facts give rise to a reasonable suspicion that a person has committed or is committing a crime." *State v. Spurgeon*, 907 S.W.2d 798, 799 (Mo.App.1995). Suppression of evidence collected as a result of the stop is required if the State cannot demonstrate a reasonable suspicion. *See State v. Pfleiderer*, 8 S.W.3d 249, 256 (Mo.App.1999).