

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
      Plaintiff-Respondent, )
)
v. ) No. SD33240
) Filed: 2-23-15
RUBEN NUNEZ, )
)
      Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Timothy W. Perigo, Circuit Judge

### **AFFIRMED**

Ruben Nunez (Defendant) appeals his conviction for driving while intoxicated (DWI). *See* § 577.010.[1] Defendant's single point contends the trial court clearly erred in admitting evidence obtained by a police officer following an allegedly unlawful traffic stop. We disagree and affirm.

---

[1] All references to statutes are to RSMo Cum. Supp. (2012) unless otherwise specified.

In March 2013, Defendant was charged by information with DWI.[2] Prior to trial, defense counsel filed a motion to suppress all of the evidence obtained by Granby Police Officer David Mace, the officer who stopped Defendant. Defense counsel contended that Officer Mace did not have reasonable suspicion for the stop. Officer Mace testified at the motion hearing, and the trial court denied the motion. Defendant's DWI charge was tried to a jury. At trial, Officer Mace was called as a witness by the State. Defense counsel was permitted to make a continuing objection to Officer Mace's testimony, which the court overruled. The jury convicted Defendant of DWI. Defendant preserved his objection to Officer Mace's testimony by including that issue in his motion for new trial. On appeal, Defendant challenges the court's denial of the motion to suppress and the overruling of defense counsel's objection to Officer Mace's trial testimony. The following principles govern our review of these rulings.

At a suppression hearing, "[t]he burden of going forward with the evidence and the risk of nonpersuasion shall be upon the state to show by a preponderance of the evidence that the motion to suppress should be overruled." § 542.296.6 RSMo (2000); *State v. Franklin*, 841 S.W.2d 639, 644 (Mo. banc 1992). The trial court decided that the State met its burden. We will not reverse that ruling unless the decision was clearly erroneous, leaving this Court with a definite and firm impression that a mistake was made. *State v. Williams*, 97 S.W.3d 462, 469 (Mo. banc 2003); *State v. Daniels*, 221 S.W.3d 438, 440 (Mo. App. 2007); *State v. Newberry*, 157 S.W.3d 387, 397-98 (Mo. App. 2005).

---

[2] A second felony count charging Defendant with driving with a suspended or revoked license in violation of § 302.321 was dismissed.

Our inquiry is limited to determining whether the decision to deny the motion to suppress is supported by substantial evidence. *State v. Edwards*, 116 S.W.3d 511, 530 (Mo. banc 2003). "In reviewing the trial court's ruling on the matter, this Court considers the record made at the suppression hearing as well as the evidence introduced at trial." *State v. Deck*, 994 S.W.2d 527, 534 (Mo. banc 1999). The complete record before the trial court is viewed in a light most favorable to the ruling on the motion to suppress. *State v. Jackson*, 186 S.W.3d 873, 879 (Mo. App. 2006). Therefore, we consider only those facts, as well as the reasonable inferences derived therefrom, that are favorable to the ruling. *State v. Galazin*, 58 S.W.3d 500, 507 (Mo. banc 2001). We disregard all contrary evidence and inferences. *State v. Kinkead*, 983 S.W.2d 518, 519 (Mo. banc 1998). While we review the facts under a clearly erroneous standard, whether the Fourth Amendment has been violated is a question of law subject to *de novo* review. *Daniels*, 221 S.W.3d at 440.

Viewed favorably to the trial court's ruling, Officer Mace gave the following testimony about why he initially stopped Defendant. On March 23, 2013 at 2:46 a.m., he saw Defendant's maroon Ford Crown Victoria driving toward him at 13 m.p.h. on Main Street in Granby. The speed limit for that street was 25 m.p.h. Officer Mace was concerned because driving slowly is characteristic of a drunk driver. As the Crown Victoria passed by the patrol car about four or five feet away, Officer Mace saw that Defendant was driving the vehicle. Officer Mace recognized Defendant as the driver of the vehicle because of several prior contacts with him during the course of Officer Mace's police work. Officer Mace also knew that Defendant had his driver's license revoked several months earlier. Officer Mace stopped Defendant for driving slowly and

driving with a revoked license. During the course of the stop, he obtained other information that led him to arrest Defendant for DWI.[3]

Defendant contends the trial court clearly erred in overruling his motion to suppress and admitting Officer Mace's testimony at trial because the traffic stop was unlawful. Defendant argues that Officer Mace did not have an objectively reasonable suspicion that Defendant was engaged in criminal activity because the officer "did not check his months-old information that [Defendant's] license was revoked before initiating a traffic stop on that basis."[4] We disagree.

Both the Missouri Constitution and the Fourth Amendment to the United States Constitution protect the people against unreasonable searches and seizures. U.S. CONST. amend. IV; MO. CONST. art I, § 15; *see also* **State v. Pike**, 162 S.W.3d 464, 472 (Mo. banc 2005). Generally speaking, a search or seizure without a warrant is unreasonable unless the circumstances bring it within a well-recognized exception. *Id*. One such exception involves the so-called *Terry* stop. *Id*.[5] Pursuant to that exception, an officer may conduct a brief investigatory stop when he or she has a reasonable suspicion, based upon specific and articulable facts, that illegal activity has occurred or is occurring. *Id*.

Driving while revoked is a crime. *See* § 302.321.1. A driver whose license has been revoked cannot obtain a new license for at least one year. *See* § 302.060.1(3). The

---

[3] Defendant does not challenge the sufficiency of the evidence to support his conviction for DWI. Given the narrow focus of Defendant's contention on appeal, only the facts relating to the reasons for the initial stop are relevant to our analysis.

[4] Defendant also contends Officer Mace lacked reasonable suspicion to stop Defendant for driving slowly. Because the officer's other stated reason was sufficient to justify the stop, it is unnecessary to address this contention.

[5] *See* **Terry v. Ohio**, 392 U.S. 1 (1968).

4

trial court could reasonably infer that the officer knew this one-year minimum based upon the officer's testimony and conduct in stopping Defendant. When Officer Mace saw the Crown Victoria on Main Street, he recognized that it was Defendant's vehicle. When the two cars passed, Officer Mace saw Defendant driving. Officer Mace also knew that, several months earlier, Defendant had his driver's license revoked. Therefore, Officer Mace had reasonable suspicion to stop Defendant because the officer had specific and articulable facts that illegal activity was occurring. ***State v. Spurgeon***, 907 S.W.2d 798 (Mo. App. 1995) is directly on point:

> In the instant case, the officer recognized Appellant as the driver, had personal knowledge that eight months earlier Appellant's driver's license was under revocation, and knew that a revocation would be for at least one year. We hold that, under these facts, the officer was authorized to stop Appellant to investigate whether he was driving without a valid license. When he did so and discovered facts indicating that Appellant was driving while intoxicated, he was authorized to arrest him for that offense. The trial court did not, therefore, err in denying Appellant's motion to suppress.

*Id*. at 800. Accordingly, the trial court did not clearly err in denying the motion to suppress or overruling defense counsel's objections to Officer Mace's trial testimony. Defendant's point is denied, and the trial court's judgment is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCUR