

# Missouri Court of Appeals
## Southern District
### Division Two

| | |
|---|---|
| Julie Ann Thomas, )<br><br>Appellant, )<br><br>vs. )<br><br>Kurt E. H'Doubler, Individually and as Trustee )<br>of the F. T. H'Doubler, Jr., Revocable Trust dated )<br>May 2, 2000, and the Francis T. H'Doubler, Jr., )<br>Family Trust created thereunder, and as Co-Trustee )<br>of the F. T. H'Doubler, Jr., Irrevocable Trust dated )<br>May 1, 2000, and the Julie Ann Thomas Trust )<br>created thereunder, and as Trustee of the Joan L. )<br>H'Doubler Irrevocable Trust dated December 28, )<br>1982, and the Trust for the benefit of Julie Thomas )<br>and the Credit Shelter Trust created thereunder, )<br>Sarah Ellen Muegge, Estate of Scott Wesley )<br>H'Doubler, Brian Muegge, Individually and as next )<br>friend of Simon F. Muegge and Benjamin W. )<br>Muegge, Beth McGee, individually and as next )<br>friend of Rivers C. McGee and Emmett McGee, )<br>Todd H'Doubler, Sally H'Doubler, Laurie Thomas, )<br>Becky Thomas, Colleen T. Walton, individually and )<br>as Co-Guardian of the person of Marie H'Doubler )<br>and Co-Conservator of the Estate of Marie )<br>H'Doubler, Gary T. Walton, Sr., in his capacity )<br>as Co-Guardian of the person of  Marie )<br>H'Doubler and Co-Conservator of the Estate of )<br>Marie H'Doubler, and Rick Steven Denney, )<br><br>Respondents. ) | No. SD36792<br><br>FILED: June 14, 2021 |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

1

**REVERSED AND REMANDED**

This appeal arises from the trust dispute initiated by Julie Ann Thomas ("Thomas") in her capacity as a beneficiary of, among others, the F.T. H'Doubler, Jr. Irrevocable Trust dated May 1, 2000, and the F.T. H'Doubler, Jr. Revocable Trust dated May 2, 2000 ("the Trusts"). Thomas' previous interlocutory appeal in this action was dismissed as unauthorized under section 456.4-420.3.[1] *See **Thomas v. H'Doubler**, 613 S.W.3d 905 (Mo.App. 2020) ("*Thomas 1*").[2] While the interlocutory appeal was pending, the trial court granted Rule 74.04 summary judgment against Thomas and in favor of all defendants (collectively referred to as "Respondents"), awarded attorney fees to Respondents Kurt E. H'Doubler and Sarah Ellen Meugge (collectively referred to as "Trustees"), and entered a final judgment, which Thomas now timely appeals.[3] Thomas raises five points challenging the trial court's grant of summary judgment and two points challenging the attorney fees award. Determining that Thomas' first and seventh points have merit, we reverse and remand.

## Factual and Procedural Background

In November of 2017, Thomas filed a verified second amended petition. That petition contained 184 paragraphs, each of which was incorporated by reference into Thomas' claims for relief for trust accountings (count 1), declaratory judgment (count 2), removal of trustees (count 3), and, as relevant here, an interlocutory safe harbor determination under section 456.4-420 as to whether Thomas' pursuit of any claim for relief in her petition would trigger any of the Trusts' no-contest clauses (referred to, alternatively, as "*in terrorem* clauses") (count 4).

---

[1] All statutory references are to RSMo (2016), unless otherwise indicated.
[2] We borrow freely from *Thomas 1* without further attribution.
[3] All rule references are to Missouri Court Rules (2020), unless otherwise indicated.

Trustees, in their suggestions in opposition to the count 4 request for an interlocutory determination, asserted to the trial court that paragraphs 71, 119, 126, and 128 of Thomas' second amended petition ran afoul of and therefore triggered the enforcement mechanisms of the Trusts' no-contest clauses.

On December 20, 2018, the trial court issued an order ("the 2018 Order"), stating, *in toto*, "The Court finds and orders that [Thomas'] 119 and 128 does [sic] not violate the no contest provision of the trust. However, [Thomas'] 71 and 126 does [sic] violate the no contest provision of the trust." Presumably, as suggested by Trustees and asserted in the briefs of all parties in this appeal, the 2018 Order is referencing paragraphs 71, 119, 126, and 128 of Thomas' second amended petition.

In the first week of November 2019, following a nearly one-year period of relative dormancy in the case, Trustees filed a motion for summary judgment. The motion stated, in pertinent part, that "[t]he Second Amended Petition, which is currently on file, and on which summary judgment is sought, contains four counts"; "[c]ount [4] seeks an interlocutory order of the court regarding the applicability and effect of *In Terrorem* clauses contained in [the Trusts]"; the 2018 Order found that "Paragraphs 71 and 126 violate the no-contest provisions of the trusts, thereby resolving Count [4]"; and "[t]here is no genuine issue of material fact remaining in this lawsuit."

Trustees' statement of uncontroverted material facts ("SUMF") contained ten numbered paragraphs. The first nine paragraphs identified the relevant trusts at issue, the particular language of the no-contest clauses, the contents of paragraphs 71 and 126 contained within Thomas' *second amended petition*, and the trial court's ruling in the 2018 Order. In the SUMF's tenth and final paragraph, Trustees stated, "Plaintiff has not filed, nor even attempted to file, an

3

Amended Petition since the Court's December 20, 2018 docket entry and order declaring Paragraphs 71 and 126 of Plaintiff's Second Amended Petition to be in violation of the *In Terrorem* or no-contest clauses of the Trusts."

Just over a week later, Thomas filed a motion for leave to file the attached verified third amended petition (the "motion for leave"). The proposed third amended petition asserted the same four claims as Thomas' second amended petition and was identical to the second amended petition, except for adding a new party to the case, omitting the two paragraphs (71 and 126 in the second amended petition) that the trial court found in the 2018 Order triggered the Trusts' no-contest clauses, and changing the focus of her request for an interlocutory safe harbor determination under section 456.4-420 in her fourth count to her claims for relief as stated in her third amended petition.

At the same time, Thomas also filed a motion for safe harbor determination under section 456.4-420 (the "safe harbor motion") that requested alternative forms of trial court relief: a new safe-harbor determination regarding each of the claims stated in the third amended petition or, alternatively, reconsider and explain its 2018 Order.

The parties' pending motions were taken up and argued over the course of two days in December of 2019. Following argument on the first day, December 5, the motion for leave was granted without objection.[4] Following further argument on the second day, December 17, the remaining unresolved motions were taken under advisement by the trial court.

Two days later, on December 19, 2019, the trial court entered an order ("the 2019 Order") stating, *in toto*, "Court has reviewed Plaintiff's Motion to Consider ruling of 12/20/2018

---

[4] At the hearing on December 5, 2019, Trustees affirmatively indicated that they had no objection to the motion for leave by stating the following: "An amendment of this petition – it is up to this Court. Our official position is we don't care one way or another." In a later docket entry, however, the trial court, while noting that it had granted the motion for leave, stated that its ruling was "over Deft's objection."

is overruled and denied." No further rulings were issued on any other pending motion on that date. About a week later, Thomas filed her notice of appeal in *Thomas 1*, wherein she purported to take an interlocutory appeal of the 2019 Order under section 456.4-420.3.

During the first week of March 2020, the trial court issued an order granting Trustees' motion for summary judgment. Thereafter, Thomas filed a motion requesting that the trial court reconsider its ruling on Trustees' motion for summary judgment, and Trustees filed a motion seeking an award against Thomas for Trustees' costs and attorney fees. In June of 2020, the trial court denied the former motion and partially granted the latter, awarding Trustees $49,279 in attorney fees.

On June 30, 2020, the day after Respondents dismissed all of their pending counterclaims without prejudice, the trial court issued a written judgment against Thomas on "all claims asserted within her petition" and on the award of Trustees' attorney fees. The trial court indicated that "this Judgment is a final and appealable judgment which finally adjudicates all of the claims and rights and liability of all the parties."

Thomas timely filed a notice of appeal of the trial court's judgment. A subsequent motion to consolidate *Thomas 1* with the instant appeal was denied and, thereafter, *Thomas 1* was dismissed due to the absence of a section 456.4-420.3 appealable order or judgment.

## Discussion

### *Respondents' Jurisdictional Challenge is Meritless*

Before turning to Thomas' points, we first address Respondents' assertion that this Court "does not have jurisdiction over this matter." They argue that this appeal should be dismissed because "[t]o consider the issues which [Thomas] raises in [this appeal], the Court of Appeals would violate the doctrine of *res judicata*, the law of the case doctrine, and the general principles that a litigant is not entitled to have more than one appellate review of its allegations of error."

5

Respondents' argument has no merit for two reasons. First, neither asserted doctrine impinges in any respect upon this Court's appellate jurisdiction. *See* Missouri Constitution Art. 5, sec. 3 ("The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court.").

Second, neither doctrine has any application in this appeal. Res judicata "appl[ies] to *final* judgments and preclude[s] re-litigation of the claims… decided therein in *subsequent* causes of action." ***Cornerstone Mortgage, Inc. v. Ponzar***, 619 S.W.3d 524, 535 (Mo.App. 2021). Here, *Thomas 1* did not involve appellate review of a final judgment; it was a purported interlocutory appeal from an interlocutory order in the same action from which this appeal arises.

The law-of-the-case doctrine, "provides, in general, that a previous holding in a case constitutes the law of the case and precludes relitigation of that issue on remand and subsequent appeal." ***Rodriguez v. Suzuki Motor Corp.***, 996 S.W.2d 47, 61 (Mo. banc 1999). The law-of-the-case doctrine "is limited to cases in which the issue in controversy has been raised and decided in a prior appeal." *Id.* The issues in controversy in the instant appeal concern the propriety of the trial court's grant of summary judgment and its award of attorney fees. Neither of these issues were previously raised, much less addressed or decided, in *Thomas 1*. The only issue addressed and resolved in *Thomas 1* was that the 2019 Order was not an order from which section 456.4-420.3 authorized an interlocutory appeal. 613 S.W.3d at 908. Respondents' have failed to identify any manner in which the resolution of this issue as to the nature of the 2019 Order has any bearing upon the issues raised in the instant appeal directed toward the trial court's final judgment.

Accordingly, having determined that res judicata has no applicability in this context and that the particular issues in controversy do not implicate the law-of-the-case doctrine, we proceed with our discussion of Thomas' seven points.

### *The Trial Court Erred in Granting Trustees' Motion for Summary Judgment*

In Thomas' first point, she contends that the trial court erred in entering summary judgment because it was required, under section 456.4-420.2, to first address her requests for a safe harbor determination set out in the safe harbor motion and count 4 of her third amended petition. We agree.

"Where, as here, the trial court granted summary judgment, this Court also applies a *de novo* standard of review." *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010). This means we "give no deference to the trial court's decision[,]" but rather "employ the same criteria the trial court should have used in deciding whether to grant the motion." *Haulers Ins. Co., Inc. v. Pounds*, 272 S.W.3d 902, 904 (Mo. App. 2008) (internal citations omitted). "A summary judgment can only be granted if there is no genuine issue of material fact *and* the moving party is entitled to judgment as a matter of law." *Empire Dist. Elec. Co. v. Coverdell*, 484 S.W.3d 1, 7 n.9 (Mo.App. 2015) (emphasis added).

In *Thomas 1*, we observed that "Thomas' safe harbor motion and count 4 of her third amended petition are both a 'petition' as that term is defined and used in section 456.4-420.1[.]" 613 S.W.3d at 908. Thus, in accordance with that statutory definition, those filings were each "a petition to the court for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy." Section 456.4-420.1.

7

Here, Thomas premises her first point on certain provisions within section 456.4-420.2. Those provisions require that, "[i]f a petition is joined with other claims for relief, the court *shall* enter its order or judgment on the petition *before proceeding any further with any other claim for relief joined therein*."[5] Section 456.4-420.2 (emphasis added).

Thomas argues, correctly, that the trial court failed to issue the required section 456.4-420.2 order or judgment. While the trial court, in its 2018 Order, entered a section 456.4-420.2 order on count 4 of *the second amended petition*, it thereafter granted Thomas' motion for leave to file *the third amended petition*. *See* Rule 55.33(a) (permitting the amendment of pleadings by leave of court, which "shall be freely given when justice so requires"). This leave to amend was granted *before* the trial court's ruling on Trustee's summary judgment motion. At no point thereafter, however, did the trial court address or issue any section 456.4-420.2 ruling on Thomas' safe harbor requests on her third amended petition.[6]

"The general rule is that the filing of an amended pleading operates as an 'abandonment' of the original petition." *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 543 (Mo.App. 2001) (internal quotation marks omitted). "Once an amended pleading is filed, it supercedes [sic] the pleading which preceded it." *Value Lumber, Co. v. Jelten*, 175 S.W.3d 708, 713 (Mo.App. 2005). "An abandoned pleading is not considered for any purpose in the case; it becomes a mere 'scrap of paper' insofar as the case is concerned." *Id.* (internal quotation marks omitted). "The filing of an amended petition abandons all prior pleadings as well as any interlocutory orders or

---

[5] Section 456.4-420.3 authorizes an interlocutory appeal of such an order or judgment. *Thomas 1*, 613 S.W.3d at 907–08.

[6] Respondents assert that an interested person may seek and obtain only *one* section 456.4-420 safe harbor determination. Nothing in that section, however, imposes such a restriction.

8

judgments entered thereon."[7] ***Poger v. Missouri Department of Transportation***, 501 S.W.3d 37, 43 n.1 (Mo.App. 2016).

In their counter argument, Respondents assert that the second amended petition was not the basis for summary judgment. Rather, relying on section 456.4-420(4),[8] Respondents argue that "[t]he basis of [Trustees'] motion for summary judgment was that [Thomas] *proceeded forth* with the trial court lawsuit for almost a full year *after* receiving a safe harbor ruling from the trial court which informed her that her claims would result in application of a no-contest clause" and that "[s]ummary judgment was granted on that basis." (Emphasis added.) Moreover, in purporting to reject the import of the filing of the third amended petition, Respondents assert that "[i]t was [Thomas'] *actions*, rather than the words in her pleadings, which required the trial court to enter summary judgment for respondents."

While there are many reasons Respondents' counter arguments fail, we point out and discuss two, each of which is independently fatal. First, the Trustees' motion for summary judgment expressly asserted that its legal basis was premised upon the second amended petition. *See* Rule 74.04(c)(1) ("A motion for summary judgment shall summarily state the legal basis for the motion."). According to that motion, "[t]he Second Amended Petition, which is currently on file, and *on which summary judgment is sought*, contains four counts"; "[c]ount [4] seeks an interlocutory order of the court regarding the applicability and effect of *In Terrorem* clauses

---

[7] Narrow exceptions to this general rule do exist, none of which are applicable to this case. *See **Beckmann***, 45 S.W.3d at 543 (recognizing that "when a plaintiff has suffered a dismissal or summary judgment with respect to some but not all of the claims in his petition, and the plaintiff then files an amended pleading omitting mention of the defendants in whose favor judgment has already been granted, the appellate courts will *not* deem that the plaintiff has 'abandoned' his claim against those defendants when the reason for which they were dismissed or granted summary judgment is a problem that is 'not correctable' by the plaintiff in an amended pleading"); ***Value Lumber Co.***, 175 S.W.3d at 713 n.8 (recognizing that an abandoned petition can be admitted as an admission against interest of the pleader).

[8] Section 456.4-420.4 provides, in pertinent part, that "[a]n order or judgment, in whole or in part, on a petition described in subsection 1 of this section … shall govern application of the no-contest clause to the extent that the interested person then *proceeds forward* with the claims described therein. (Emphasis added.)

9

contained in [the Trusts]"; the 2018 Order found that "Paragraphs 71 and 126 violate the no-contest provisions of the trusts, *thereby resolving* Count [4]"; and "[t]here is no genuine issue of material fact remaining in this lawsuit." (Emphasis added.) Thus, diametrically opposed to Respondents' current argument otherwise, Trustees expressly identified Thomas' second amended petition in their motion for summary judgment as their legal basis for judgment in their favor. Moreover, Trustees' motion for summary judgment fails to identify any other pleaded claim or affirmative defense as providing the legal basis for judgment in their favor.

In addressing the second reason, we assume solely for the sake of argument and without deciding that Respondents' asserted section 456.4-420(4) defense to Thomas' claims was properly pleaded and properly asserted as the legal basis of Trustees' motion for summary judgment, neither of which the record supports. It is clear from the plain language of that subsection, nevertheless, that whether Thomas "proceed[ed] forward" with her claims in her second amended petition after the 2018 Order regarding paragraphs 71 and 126 therein is a material fact to establishing that defense. Yet, Trustee's SUMF does not assert an uncontroverted material fact that Thomas so acted. Rather, SUMF paragraph numbered 10 simply states "[Thomas] has not filed, nor even attempted to file, an Amended Petition since the Court's December 20, 2018 docket entry and order declaring Paragraphs 71 and 126 of Plaintiff's Second Amended Petition to be in violation of the *In Terrorem* or no-contest clauses of the Trusts." At best, this evidentiary fact of Thomas' *inaction* during the interim merely gives rise to a potential inference in Trustee's favor that Thomas affirmatively "proceed[ed] forward" with her claims in her second amended petition. As the movants, however, Trustees are not entitled to rely upon an inference to support their legal right to judgment. *See **Green v. Fotoohighiam***, 606 S.W.3d 113, 116 (Mo. banc 2020) ("The record below is reviewed in the

10

light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record."). In considering Trustees' motion for summary judgment, Thomas was and is entitled to the reasonable inference that her inaction supports that she took no affirmative action during the interim. *Id.*

In considering and deciding upon a movant's Rule 74.04 motion for summary judgment, a court is required to "'determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [movant's] right to judgment *regardless of other facts or factual disputes.*'" *Id.* at 118 (quoting **Pemiscot County Port Auth. v. Rail Switching Services, Inc.**, 523 S.W.3d 530, 534 (Mo.App. 2017)). In the absence of the uncontroverted fact in Trustee's SUMF that Thomas "proceed[ed] forward[,]" Respondents did not and cannot demonstrate a right to judgment on Thomas' claims under section 456.4-420.4.

In sum, the trial court granted summary judgment based on the second amended petition which had been superseded and abandoned. Section 456.4-420.2 compels a new safe-harbor determination as requested by the safe harbor motion and count 4 of the now operative third amended petition "before proceeding any further with any other claim for relief joined therein." Section 456.4-420.2. Thomas' first point is granted.

Because Thomas' second, third, fourth, and fifth points also challenge the trial court's summary judgment, the resolution of those points are moot in light of our disposition of Thomas' first point. *See* **State v. Kinkead**, 983 S.W.2d 518, 520 (Mo. banc 1998) ("Issues that are not essential to a disposition of the case should not be addressed."). Thomas' sixth and seventh points challenge the trial court's attorney fees award. Because Thomas' seventh point, addressed *infra*, is meritorious, we do not address her sixth point. *See id.*

11

### *Reversal of Summary Judgment Requires Reversal of Attorney Fees Award*

In Thomas' seventh and final point, she contends that the reversal of the trial court's grant of summary judgment requires the reversal of its attorney fees award.[9]  We agree.

Section 456.4-420.8 allows a court to award attorney fees as provided for by section 456.10-1004. Under the latter statute, "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."  Section 456.10-1004.

Generally, until the trial court determines the material facts and resolves the pending legal issues in a proceeding based upon those determined facts, it has no factual basis upon which to consider and determine the "justice and equity" supporting an award of attorney fees as is required under section 456.10-1004.  Here, the trial court's attorney fees award was entered based upon the trial court's conclusion that its grant of Trustees' motion for summary judgment adversely "disposes of all claims of [Thomas]."  Our determination that the trial court's disposition of Thomas' claims by summary judgment was erroneous, dictates that its award of attorney fees premised upon that erroneous disposition is not based upon "justice and equity" and, therefore, cannot stand.  Thomas' seventh point is granted.

### Decision

The trial court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.[10]

---

[9] Respondents' only opposing argument upholding the attorney fees award is that the trial court's grant of Trustee's motion for summary judgment was not erroneous and, therefore, the attorney fee award was not erroneous. Respondents proffer no legal basis for upholding the attorney fees award in the event that the trial court's grant of summary judgment is reversed.

[10] For the same reason we reverse the attorney fees award in the trial court's judgment, Respondents' motion for attorney fees on appeal is denied without prejudice.  Thomas' request for this Court to assign the underlying case to a different trial court judge is denied.

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J./P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS