

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD37178 |
| | ) | |
| BRANDON PATRICK TEEL, | ) | **Filed:  May 31, 2022** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell

**<u>AFFIRMED AND REMANDED WITH DIRECTIONS</u>**

Brandon Patrick Teel ("Defendant") appeals his conviction for possessing a controlled substance.  *See* section 579.015, RSMo 2016.  Defendant's sole point on appeal claims the trial court clearly erred in denying his motion to suppress "incriminating evidence" located in his backpack during an inventory search because:  (1) the first officer to search Defendant's backpack did not comply with the Branson Police Department's ("BPD") written procedures for conducting inventory searches; (2) that officer was not actually performing an inventory search; and (3) the inevitable discovery doctrine did not excuse the warrantless search of Defendant's backpack.

Because substantial evidence supported the circuit court's finding that the incriminating evidence inside Defendant's backpack would inevitably have been found

during a second, procedurally-mandated custody search, any alleged irregularities in the initial inventory search did not prejudice Defendant. We therefore affirm Defendant's conviction but remand the matter to the circuit court to correct a clerical error in the judgment.

## Applicable Law and Standard of Review

On appeal, we only determine whether the trial court's decision to deny the motion to suppress is supported by substantial evidence. *State v. Edwards,* 116 S.W.3d 511, 530 (Mo. banc 2003). In reviewing that ruling, we consider the record made at the suppression hearing and the evidence introduced at trial. *State v. Deck,* 994 S.W.2d 527, 534 (Mo. banc 1999). The complete record before the trial court is viewed in a light most favorable to the ruling on the motion to suppress. *State v. Jackson,* 186 S.W.3d 873, 879 (Mo.App.2006). We disregard all evidence and inferences unfavorable to the court's ruling. *State v. Galazin,* 58 S.W.3d 500, 507 (Mo. banc 2001); *State v. Kinkead,* 983 S.W.2d 518, 519 (Mo. banc 1998).

We will not reverse the trial court's ruling unless the decision is clearly erroneous[.] . . . *State v. Williams,* 97 S.W.3d 462, 469 (Mo. banc 2003); *State v. Newberry,* 157 S.W.3d 387, 397–98 (Mo.App.2005). We review issues of law *de novo. State v. Rousan,* 961 S.W.2d 831, 845 (Mo. banc 1998).

*State v. Abercrombie*, 229 S.W.3d 188, 190-91 (Mo. App. S.D. 2007).

## The Evidence

BPD Policy 901 requires that two, separate searches be conducted before a person can be booked into the Branson jail. Under Policy 901.3, the first is an in-custody, inventory search to be conducted by an officer at the scene of an arrest before the arrestee is placed into a patrol car for transport to the jail. Policy 901.4 requires that a second search of the arrestee and his belongings be made when the person is booked into the jail.

On November 7, 2019, BPD officer Abraham Jones ("Officer Jones") was on patrol and actively looking for Defendant, who had an outstanding warrant for his arrest.

Officer Jones, who was also training Officer Ward at the time, soon located Defendant, and his body-camera recorded their interaction. Defendant attempted to conceal his identity from the officers by providing them with false identification. After confirming Defendant's true identity by scanning his fingerprints, Officer Jones placed Defendant under arrest and began to search Defendant's backpack. When Officer Jones began that search, Defendant told the officers that the backpack had dirty needles inside it. During his search of the backpack, Officer Jones located two hypodermic syringes and an Altoid's tin that contained two baggies of a crystalline substance that Officer Jones believed to be consistent with methamphetamine.

After an evidentiary hearing on Defendant's motion to suppress, the circuit court denied the motion, finding that Officer Jones's search constituted "an inventory, and not merely a pretext for a warrantless investigatory search for contraband." The circuit court also found that, had Defendant's backpack not already been inventoried at the scene of his arrest, it "would have been inventoried at the time Defendant was delivered to and booked into the jail."

The case was then tried to the circuit court without a jury, and the judge found Defendant guilty as charged.

## Analysis

Defendant's sole point on appeal claims

> [t]he trial court clearly erred in overruling [Defendant's] motion to suppress evidence and objection to the admission of incriminating evidence seized from [Defendant]'s backpack in violation of [Defendant]'s rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 15 of the Missouri Constitution, in that the State failed to carry's [sic] its burden that Officer Jones complied with the standard procedures for inventory searches, the evidence indicated Officer Jones was not performing an

3

inventory search, this evidence would not have been inevitably discovered, and the State cannot overcome its burden to disprove that this evidence was presumptively prejudicial.

We disagree.

"Warrantless searches are '*per se* unreasonable under the Fourth Amendment' unless an 'established and well-delineated' exception applies." **State v. Carrawell**, 481 S.W.3d 833, 838 (Mo. banc 2016) (quoting **Katz v. United States**, 389 U.S. 347, 357 (1967)). One such exception is the inevitable discovery doctrine, whereby evidence discovered through illegal means is nonetheless admissible if that evidence would have been inevitably discovered by law enforcement using other, legitimate means. **State v. Little**, 604 S.W.3d 708, 720 (Mo. App. E.D. 2020). "For the inevitable-discovery doctrine to apply, the State must show by a preponderance of the evidence that proper law enforcement procedures would have been utilized and those procedures would in fact have inevitably led to the discovery of the challenged evidence." **Id.**

Defendant makes three arguments as to why the State failed to carry its burden of proving that the inevitable discovery doctrine applied here: (1) Officer Jones admitted that he did not comply with written BPD policy by failing to complete a written inventory sheet at the scene of the arrest, and therefore it was not credible to believe that an officer would have complied with another BPD policy regarding inventories at the jail; (2) the circuit court should not have assumed that officers would have or did follow BPD policy regarding inventories at the jail because the State was free to – but did not – submit evidence of the same; and (3) even if contraband was found in Defendant's bag, police may have simply given Defendant a citation and let him go.

4

None of these arguments have merit.  Assuming, *arguendo*, that Officer Jones did not complete a written inventory of the contents of Defendant's backpack -- and that failure was both in violation of BPD policy and resulted in prejudice to Defendant -- Defendant's Exhibit 1, a copy of BPD Policy 901, was admitted into evidence at trial, and it included the following:

**901.4 SEARCHES AT POLICE FACILITIES**

Custody searches shall be conducted on all individuals in custody, upon entry to the [BPD] facilities. . . .  Custody searches should also be conducted any time an individual in custody enters or re-enters a secure area, or any time it is reasonably believed that a search is necessary to maintain the safety and security of the facility.

That section of BPD policy, along with Officer Jones's testimony that he always followed that policy, constituted sufficient evidence that, if believed, would support the circuit court's conclusion that the contraband in Defendant's backpack would inevitably have been discovered as part of a custody search during the booking process. Defendant's first and second arguments simply ask us to ignore the trial court's credibility determinations – something we cannot do.  *Abercrombie*, 229 S.W.3d at 190-91.  Defendant's third argument – that the officers might have just given Defendant a citation and then let him go – is contrary to the circuit court's ruling and the evidence that Officer Jones intended to arrest Defendant on his outstanding warrant.

## Conclusion

The circuit court's finding that the "incriminating evidence" inside Defendant's backpack would have been inevitably discovered during a custody search at the jail is supported by substantial evidence and was not clearly erroneous.  Defendant's point is denied, and his conviction is affirmed.

One additional matter remains, however. We agree with the assertion in the State's brief that the circuit court's judgment contains a clerical error, wrongly indicating that the case was disposed of by a plea of guilty instead of by trial. This clerical error is correctable *nunc pro tunc*. *See* **State v. Liker**, 537 S.W.3d 405, 413 (Mo. App. S.D. 2018). We therefore remand the case and direct the circuit court to correct the written judgment to show that Defendant was convicted by trial and not as the result of a guilty plea. ***Id.***

DON E. BURRELL, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS